UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRECELL L. WHITAKER, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:19-CV-1357 (VLB) |
| | : | |
| COUNSELOR CAMPBELL, | : | |
| *Defendant.* | : | November 4, 2019 |

# INITIAL REVIEW ORDER

On August 30, 2019, Precell L. Whitaker ("Plaintiff"), an inmate currently confined at the Corrigan-Radgowski Correctional Center ("Corrigan") in Uncasville, Connecticut, filed a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983, against Department of Correction Counselor Campbell ("Defendant") in his official capacity for money damages. Compl. (Dkt. No. 1) at 2, 5. Plaintiff claims that Defendant violated his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution for refusing to permit him to contact the Inmate Legal Aid Program ("ILAP"). *Id.* at 3, 5. For the following reasons, the complaint is dismissed without prejudice subject to amendment.

I. Standard of Review

Pursuant to 28 U.S.C. § 1915A, this Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include

sufficient facts to afford Defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

II. <u>Factual Allegations</u>

The Corrigan Inmate Handbook states that inmate legal calls will be scheduled within the next business day after they are requested. Compl. at 12. Sometime in July 2019, Plaintiff requested a legal call seventy-two hours before filing a grievance at Corrigan. *Id.* Defendant was assigned to Plaintiff's unit for three days during normal operation. *Id.* When Plaintiff attempted to make a phone call to ILAP during his recreation hours, Defendant told him that he "had a scheduled correspondence" and that Plaintiff must return during a scheduled time to make his call. *Id.*

Plaintiff on multiple occasions attempted to schedule his legal call, but Defendant did not "reschedule [his] appointment" with ILAP. Compl. at 12. On July 15, 2019, Defendant again disrupted Plaintiff's legal call by informing him that the phones at ILAP were not working. *Id.* That same day,

Plaintiff requested that Defendant print out four *pro se* civil rights complaint forms and provide him access to the typewriter. *Id.* Defendant refused, stating, "I don't fucking want to give it to you. We've been on lock down [for] the first half of the day." *Id.* at 13. When Plaintiff asked for a grievance form and said that the lock down should not impact normal operations, Defendant told him to "lock the fuck up." *Id.*

Plaintiff submitted a grievance to Administrative Remedies Coordinator King. Compl. at 13. The following day, July 16, 2019, Defendant issued Plaintiff the civil rights complaint forms, but he told Plaintiff that he did not have to assist him. *Id.* He told Plaintiff that he was "not doing shit for [him]." *Id.* Plaintiff replied that he cannot make legal calls on the jail phone and that he needed Defendant's help. *Id.*

The next morning, Defendant placed Plaintiff in segregation. Compl. at 13. There, Plaintiff received legal mail, which had been opened and delivered twenty-four hours late. *Id.* Plaintiff believes that Defendant and/or other Corrigan officials are "disrupting the legal process." *Id.*

III. <u>Analysis</u>

Plaintiff claims that Defendant's interference in his ability to contact ILAP in July 2019 violated his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process. *See* Compl. at 5. He also appears to claim that Defendant verbally harassed him, in violation of his Eighth Amendment protection against cruel and unusual punishment. *Id.*

As shown below, Plaintiff has failed to state a plausible claim under any of these constitutional provisions.

First and foremost, Plaintiff may not sue Defendant in his official capacity for money damages. Such claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Thus, for purposes of this ruling only, the Court will construe Plaintiff's constitutional claims as stated against Defendant in his individual capacity.

Second, even if the Court construes the allegations as stating a claim that Defendant intentionally prevented Plaintiff from making a legal call, they do not sufficiently state a Sixth Amendment claim. The Sixth Amendment guarantees defendants the right to counsel in criminal proceedings. *See Loving v. Selsky*, No. 07-CV-6393L (DGL), 2009 WL 87452, at *2 (W.D.N.Y. Jan. 12, 2009). The fact that Defendant interfered with Plaintiff's ability to call ILAP does not show a Sixth Amendment violation.

As for the Fourteenth Amendment claim, the facts alleged do not show that Defendant violated Plaintiff's right to due process. The standard analysis for a claim of a violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*).

In the prison context (involving someone whose liberty interests have already been severely restricted because of his confinement in a prison), a

prisoner must show that he was subject to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin,* the Supreme Court concluded that a prisoner who was subject to a disciplinary term of thirty days confinement in restrictive housing did not sustain a deprivation of a liberty interest that was subject to protection under the Due Process Clause. *Id.* at 486. Following *Sandin,* the Second Circuit has explained that courts must examine the actual punishment received, as well as the conditions and duration of the punishment. *See Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).

As to the second step of the analysis, the procedural safeguards to which plaintiff is entitled before being deprived of a constitutionally significant liberty interest are well-established. These requirements include: (1) written notice of the charges; (2) the opportunity to appear at a disciplinary hearing and a reasonable opportunity to present witnesses and evidence in support of the defense, subject to the correctional institution's legitimate safety and penological concerns; (3) a written statement by the hearing officer explaining his decision and the reasons for the action being taken; and (4) in some circumstances, the right to assistance in preparing a defense. *See Wolff v. McDonnell*, 418 U.S. 539, 564–69 (1974); *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004).

Although he alleges that Defendant "placed" him in segregation on July 17, 2019, Plaintiff does not allege any facts regarding how long he was

in segregation, whether it was the result of a disciplinary action, whether the placement had anything to do with the interaction between Plaintiff and Defendant, the conditions to which he was exposed in segregation, and whether he was deprived of an opportunity to be heard before being placed in segregation. Thus, the allegations do not sufficiently show a due process violation.

Finally, it appears Plaintiff's Eighth Amendment claim is based on Defendant's "verbal attack[s]" on July 15, 2019. Compl. at 5, 12-13. However, "[i]n this Circuit, allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged." *Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)); *see also Burroughs v. Petrone*, 138 F. Supp. 3d 182, 204 (N.D.N.Y. 2015) (prisoner's allegations of threats and harassment fail to state Eighth Amendment claim). Therefore, the Eighth Amendment claim cannot proceed.

**ORDERS**

Based on the foregoing, the complaint is hereby dismissed without prejudice for failure to state a plausible claim under § 1915A. If Plaintiff believes he can cure the factual deficiencies explained above and state a plausible constitutional claim against Defendant, he may file a motion to reopen the case and attach an amended complaint within thirty-five (35) days from the date of this Order. Failure to file a motion to reopen and an

**amended complaint stating a cognizable claim will result in the dismissal of this action with prejudice.**

**SO ORDERED this 4th day of November, 2019 at Hartford, Connecticut.**

                                                    _____/s/_____
                                                    **VANESSA L. BRYANT**
                                                    **UNITED STATES DISTRICT JUDGE**